J. M. Smith, *et al.,* v. State, *ex rel.* Chas. Z. Osborne,
*et al.*

163 So. 524.
Opinion Filed October 16, 1935.

*Wallace E. Sturgis,* for Plaintiffs in Error;
No appearance for Defendants in Error.

Buford, J.—The writ of error brings for review judgment
awarding peremptory writ of mandamus directed to the
Board of County Commissioners of Marion County re-
quiring them to issue licenses to one Charles Z. Osborne, J.
M. Testerman, F. G. Yancey, C. E. Miller, R. E. Maxwell,
R. R. Collins, Z. D. Giles, Chas. C. Giles, Wm. B. Yancey,
Douglas R. Igou and H. E. L. Brainard, authorizing them
and each of them to own and carry around with him on his
person and in his manual possession in Lake County, Flor-
ida, certain firearms coming within the descriptions con-
tained in and in the purview of Section 5101 R. G. S., 7203
C. G. L.

The alternative writ alleged and the return thereto ad-
mitted that each of the relators had filed application with
the Board of County Commissioners of Marion County,
Florida, requesting the issuance to him of such a license;
that each of said relators was over the age of 21 years, of
good moral character and that each had presented a good

and sufficient bond as required by the statute above referred to.

However, the County Commissioners further averred that the refusal to issue the license was upon the following grounds, to-wit:

"Respondents further show that their said action in denying the said application of relators was not occasioned by malice, caprice, or prejudice, but because of the following considerations, among others:

"1. The relators did not show any necessity for the granting of such license, such as the need to carry same in defense of themselves, and the lawful authority of the State, but only for the purpose of hunting as aforesaid.

"2. It was and is the belief of respondents that the discharging of rifles within the Ocala National Forest in the hunting of deer constitutes an extraordinary menace to life and limb of persons hunting or otherwise engaged in said Ocala National Forest, so much so that a license to carry rifles for that purpose should be denied.

"3. It was and is the belief of respondents that inasmuch as persons are employed by the Civilian Conservation Corps within the confines of the said Ocala National Forest, cutting roads, fire lands, etc., that it would unnecessarily endanger their life and limb to enable persons engaged in hunting to discharge within said Ocala National Forest for the purpose of the killing of deer, rifles or other long range firearms, as sought by the relators, so much so that a license for that purpose *should* be denied.

"4. Having due regard for the protection of persons who in great numbers gather within the said Ocala National Forest during the hunting season, as well as persons who are employed therein as members of the Civilian Conservation Corps, in which was considered the type of cover

therein found, the method of hunting, the topography of the soil and the similarity in color of clothing usually worn by persons engaged in hunting as compared with the color of deer and it being the belief of respondents that the use of rifles for hunting of deer greatly increases the hazard of accidental shooting of persons, these respondents, in view of the fact that relators advised that they desired a license to carry a rifle for the purpose of using the same in the killing of deer within said Ocala National Forest, and for no other purpose, deemed it inexpedient to grant such license, and so refused the same under and by virtue of discretionary power in them so to do."

Motion for peremptory writ, the return notwithstanding, was granted after demurrer included in the return had been overruled.

The only question presented here was whether or not where a person over 21 years of age, of good moral character, applied to the Board of County Commissioners for a license to carry a firearm such as is contemplated under Section 5101 R. G. S., 7203 C. G. L., and it does not appear that the person applying for such license intends to use the firearm for which such license is to apply for an unlawful purpose, it thereupon becomes the duty of the Board of County Commissioners to issue the license when the terms of the statute have been complied with and it does not appear that it is the purpose of the applicant to use the firearms described in his application for unlawful purposes.

Therefore, the judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.