Mandamus proceeding by the State, on the relation of N.O. Smyth, against Gene Armistead and others, as and constituting the Board of Trustees of School District No. 1 of Santa Rosa County, Florida, to compel respondents to nominate relator for re-appointment as supervising principal of the Milton-Bagdad public schools. Respondents' motion to quash the alternative writ was denied, respondents declined to answer the alternative writ, a peremptory writ issued as prayed and respondents appeal.
Affirmed.
The relator-appellee, N.O. Smyth, filed his petition in the Circuit Court of Santa Rosa County, Florida, against the Board of Trustees of School District No. 1 and represented that he was serving his fourth consecutive year as supervising principal of the Milton-Bagdad public schools of said county. The County Superintendent of Public Instruction, pursuant to the provisions of Section 230.33(7)(c), submitted the name of the relator-appellee and recommended to the Trustees of School District No. 1 of said county that he, the relator-appellee, fill the position of supervising principal of the Milton-Bagdad schools for the school year 1949-1950.
It was further alleged that it was the legal duty of the respondents to consider the recommendation of County Superintendent of the relator for said position and to nominate the relator to the Board of Public Instruction for appointment as supervising principal of the Milton-Bagdad Schools for the school year 1949-1950, unless the Board of Trustees should reject the recommendation so made for good cause shown, as provided for by the provisions of Sections 230.43(1) and 231.35, F.S.A.
The petition alleged that the appellants-respondents, contrary to and in violation of the statutes, supra, and not for good cause shown, did arbitrarily and capriciously reject the recommendation of the County Superintendent of Public Instruction and refused to nominate the relator-appellee for re-appointment to the position of supervising principal of the Milton-Bagdad Schools, although the relator was willing, qualified and able to perform and discharge all the duties and requirements of the position and would continue to discharge the duties were it not for the wilful and obstinate refusal of the respondents-appellants to make the said recommendations.
The duty of the Board of Trustees to make the recommendations, it was alleged, *Page 881 
is not discretionary but a mandatory one, in the absence of good cause shown. An alternative writ of mandamus issued as prayed for and commanded or directed the nomination of the relator-appellee to the position of supervising principal for the school year 1949-1950, or show cause for the failure of the Board of Trustees so to do.
The appellants-respondents moved the court to quash the alternative writ on various grounds viz.: (1) there was no legal duty on the Trustees to accept the recommendation of the County Superintendent; (2) no legal duty rests on the Board of Trustees to nominate the relator-appellee for re-appointment; (3) Sections 230.43 and 231.35, F.S.A., do not make it the duty of the Board of Trustees to conform with the commands of the alternative writ; (4) Sections 230.43(1) and 231.35, F.S.A., are each violative of and in conflict with Section 10 of Article 12 of the Constitution of Florida, F.S.A. The motion to quash was denied and the appellants-respondents declining to answer the alternative writ, a peremptory writ issued as prayed for and the respondents-appellants appealed.
The contentions of counsel for appellants on this appeal are two-fold: First, under our rules of statutory construction the several provisions of Sections 230.43(1) and 231.35, F.S.A., do not require the Board of Trustees to show "good cause" for its refusal or declination to approve or adopt the recommendations of the County Superintendent of the appellee to the position of supervising principal of the Milton-Bagdad schools. Second, if it is the statutory duty of the Board of Trustees to make the recommendations, unless good cause for not doing so is shown, then Sections 230.43(1) and 231.35 are each invalid and void as being in conflict with and derogative of the provisions of Section 10 of Article 12 of the Constitution of Florida.
The position of Superintendent of Public Instruction is a county office and recognized as such by our Constitution. Section 6 of Article 8 of the Florida Constitution. Innumerable duties under our educational system are imposed by statute on the office of the County Superintendent. Chapter 230, F.S.A., Section 230.33(7)(c) makes it the duty of the County Superintendent to "submit to the trustees of each school district his recommendation of a person to fill the position of district supervising principal or principal of each district school". It is shown by the record that the County Superintendent recommended the relator-appellee to the Board of Trustees of District No. 1 for the position of supervising principal for the school year 1949-1950.
Some of the statutory duties imposed on a Board of Trustees are set forth under Section 230.43(1), F.S.A. It provides: the specific powers of the trustees, which shall be exercised by the trustees of any district only when acting as a body, shall be: Nominations of district supervising principal or principals: "To consider the recommendations of the county superintendent regarding all persons to be nominated by them for district supervising principals or principals of all district schools and to make nominations for such positions to the county board; provided, that all nominations for reappointment of district supervising principals or principals shall be submitted to the county board at least eight weeks before the close of school".
Section 231.35, F.S.A., provides for the appointment of employees: "All employees of the county school system shall be appointed as prescribed in chapter 230; provided that the terms `to consider the recommendations of' or `to act upon the recommendations of' shall be interpreted to mean that neither the trustees nor the county board shall act on the appointment of employees without having considered any recommendations or nominations submitted as prescribed by law, that suchrecommendations or nominations may be rejected only for goodcause, and that when any such rejection has been made, a secondand if necessary a third recommendation or nomination shall berequested and if made within a reasonable time as prescribed by the county board, shall be considered or acted on as prescribed by law before the trustees or county board shall have a right to nominate or to appoint on their own motion; and, provided further, that the *Page 882 
following procedure shall be observed in making appointments and reappointments of instructional personnel:" (Emphasis supplied.)
It is a well-established rule of statutory construction that the language of a statute may be so plain as to fix the legislative intent and leave no room for construction. If the statute is plain and unambiguous and admits of but one meaning, the courts in construing it will not be justified in departing from the plain and natural language employed by the Legislature. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157. It is a duty of the County Superintendent under Section 230.33(7)(c), supra, to submit to the Board of Trustees his recommendations of a person to fill the position of district supervising principal. Section 230.43(1) makes it a duty of the Board of Trustees to consider the recommendations of the County Superintendent for the position of supervising principal of the school district.
Section 231.35, F.S.A., provides that the "trustees nor the county board shall act on the appointment of employees without having considered any recommendations or nominations submittedas prescribed by law, that such recommendations or nominations may be rejected only for good cause, and that when any such rejection has been made, a second and if necessary a third recommendation or nomination shall be requested". The recommendation as made by the County Superintendent to the Board of Trustees was pursuant to a statutory direction and the Board of Trustees were without power to reject the recommendations so made except for a "good cause", which has not been made to appear in this record.
The second phase of the question is that Section 231.35, F.S.A., is invalid and unconstitutional because it is in conflict with Section 10 of Article 12 of the Constitution of Florida, which is viz.: "The Legislature may provide for the divisions of any county or counties into convenient school districts; and for the election biennially of three school trustees, who shall hold their office for two years, and who shall have the supervision of all the schools within the district; * * *." Many of our decisions construing the above Section, as cited by counsel for the appellants to the effect that the power to nominate teachers for the school district is lodged in the Board of Trustees, are correct and our rulings thereon are hereby reaffirmed. We are not convinced on this record, however, that the supervisory power to nominate teachers has been changed by the provisions of Section 231.35, supra, as the power to make the nominations remains in the Board of Trustees. The Section complained of simply regulates the manner and means of making the nominations but does not destroy or change this constitutional power vested in the Board of Trustees.
It is established law that the law-making power of the Legislature of the State of Florida is subject only to the limitations provided in our Constitution and no statute should be declared inoperative on the ground that it violates organic law, unless it clearly appears beyond all reasonable doubt that there is a positive conflict. City of Jacksonville v. Bowden, 67 Fla. 181, 64 So. 769, L.R.A. 1916D, 913, Ann.Cas. 1915D, 99. It is our view that a field of operation can be found both for Section 231.35 and Section 10 of Article 12 of our Constitution by holding that the challenged statute prescribes reasonable regulations in behalf of the public school system of Florida that must be observed and followed by the constitutional officers in the performance of their duty. It was the intention of the Legislature, when functioning in behalf of our public school system, to require the trustees to show a good cause or reason for the rejection of the nomination of a qualified teacher as recommended by the County Superintendent, thereby making it beyond their power to arbitrarily and capriciously reject the nomination of a competent and qualified teacher unless a good cause or reason for the rejection was made to appear.
Affirmed.
ADAMS, C.J., and TERRELL, THOMAS, SEBRING and HOBSON, JJ., concur. *Page 883