146 So.2d 892 (1962)
George B. DAVIS, III, and John Allen Johnson, Appellants,
v.
The STATE of Florida, Appellee.
No. 31727.
Supreme Court of Florida.
November 28, 1962.
*893 Okell & Okell, Miami, for appellants.
Richard W. Ervin, Atty. Gen., and Bruce R. Jacob, Asst. Atty. Gen., for appellee.
THOMAS, Justice.
The State Attorney of the Eleventh Judicial Circuit filed an information against each of the appellants charging that he carried around with him, or had in his manual possession, a pistol without having a license to do so from the County Commissioners of Dade County, Florida, as required by Sec. 790.05, Florida Statutes 1961, and F.S.A.
Motions to quash the information were made on the ground, among others, that Sec. 790.05, supra, was unconstitutional. In each instance the trial judge specifically ruled that the statute was valid; the appellants were adjudged guilty and fined $15 with an alternative sentence of three days in jail.
The constitutionality of the basic statute was again challenged via motions for new trial, and the trial judge in his order denying them expressly held for the second time that the law was constitutional. Thereupon the cases were brought to this court by direct appeal. We construe these rulings as being the equivalent of final judgments under Sec. 4(2) of Art. V of the Constitution, F.S.A. and we will proceed to determine whether or not the Act is valid.
The pertinent provisions of the statute are that anyone carrying around with him or having in his manual possession a pistol, "winchester rifle or other repeating rifle" in a county without license from the county commissioners of the county shall upon conviction be fined not exceeding 100 dollars or imprisoned not more than thirty days.
The following section, Sec. 790.06, which should be read in pari materia, restricts the issuance of licenses to a period of two years and only persons 21 years of age who possess good moral character and who furnish a bond in the sum of 100 dollars approved by the commissioners conditioned on the proper and legitimate use of the weapon, may secure them.
There is no need to relate the facts of the present case other than to say that when the appellants were apprehended in a remote area of Dade County each had a pistol in his hand and each carried a pistol in an unconcealed holder. The appellants stipulated that they did not have a license from the county commissioners to carry the guns.
Appellants' prime thrust consists of the charge that the statute offends Sec. 20 of the Declaration of Rights of the Constitution of Florida, F.S.A.: "The right of the people to bear arms in defence of themselves, and the lawful authority of the State, shall not be infringed, but the Legislature may prescribe the manner in which they may be borne." We italicize the exception because we think that by it must be determined the issue in this case.
The Constitution is a limitation on legislative power, as has so often been said as to amount to a truism and, as appellants contend, the guarantees of the Declaration of Rights have been zealously guarded by this court, but in the very section of the Declaration with which we now deal the limitation which we have not italicized is modified with the provision that, although the right to bear arms shall not be impinged upon, the legislature, nevertheless, is not so restricted that that body may not regulate the way in which the arms may be carried.
Doubtless the guarantee was intended to secure to the people the right to carry *894 weapons for their protection while the proviso was designed to protect the people also  from the bearing of weapons by the unskilled, the irresponsible, and the lawless. It seems sensible that to secure the protection intended in the contrasting final statement of the section the regulatory procedure should be placed under the control of the county commissioners as was done in Sec. 790.06, supra.
We think this controversy may be epitomized by the statement that the appellants planted their thrust upon the first statement of Sec. 20 of the Declaration of Rights while the State in its parry stood firmly on the second.
We are referred to no decision of this court passing directly on the validity of the Act although it seems to have first appeared in Chapter 4147, Acts of 1893.
In their second and final point the appellants assault the Act in question as unreasonable, arbitrary, oppressive, and capricious, and an invalid exercise of the police power. All the infirmities charged may, we think, be encompassed in the last.
We agree with the appellants that no "compelling moral problem" is involved, and that the requirement of the license to carry pistols and repeating rifles will not promote public health, but from what we have already decided and recorded, we think that the public safety and general welfare are appropriately guarded by the control imposed by the statute.
As we read both Acts, it was purposed to confine the activity to those persons who merited the use as the Acts plainly demonstrate. We do not sense the responsibility of holding the prime Act invalid because it does not specify guns of other descriptions. We do not explore the reason the legislature concentrated on pistols and repeating rifles. We are concerned with whether or not the legislature went too far, not with whether or not that body did not go far enough. The wisdom of the law is a matter of legislative not judicial concern.
The appellants place great stress on the proviso that the section shall not apply to sheriffs and their deputies, city marshals, policemen, constables and United States marshals and their deputies "as to the carrying of concealed weapons." This they say creates an incongruous situation because one of these officers could, conceivably, be held amenable to the law if he carried a pistol in a holder on his hip while he could carry one concealed without a license. This, we think, places too much emphasis on conjecture in the light of the history of the legislation. When the law was originally enacted, Chapter 4147, supra, no such provision was incorporated in it. The statute next appeared in Chapter 4928, Laws of 1901. There, too, the exception was absent, but there was a proviso that nothing in the Act should amend any laws then in force "relative to carrying concealed weapons * * *."
The same year, 1901, the legislature by a succeeding Act, Chapter 4929, denounced the carrying of concealed weapons and added the provision that it should not apply to the officers specified now in 790.05, supra. In General Statutes of 1906, Revised General Statutes of 1920, and Compiled General Laws of Florida 1927, there appeared both in the statute dealing with the carrying of concealed weapons and in the one requiring licenses to carry pistols and repeating rifles the proviso relative to the peace officers, already specifically described, and as we have seen it is now present in both sections in the Florida Statutes 1961, § 790.01 and § 790.05, F.S.A., supra.
How the proviso crept into the latter law to which it was not relevant we do not know, but since it is a part of the former to which it belongs and evidently was attached by the legislature, we think we should apply the rule that part of an Act may be eliminated if the remainder is workable, Kass v. Lewin, Fla., 104 So.2d 572, and that part of an Act may be held invalid if it cannot be said that the legislature would not have enacted the law except *895 for the invalid provision, State ex rel. Limpus v. Newell, Fla., 85 So.2d 124. So the section under study should be considered without the proviso, and without it the confusion appellants urge would be completely eliminated. We then have a law prohibiting the carrying of concealed weapons, except by officers who should be permitted to carry them, and a law requiring licenses to carry pistols and repeating rifles without reference to such officers.
In reaching this conclusion that the law is constitutional we have borne in mind the presumption that all laws are constitutional unless it is shown beyond reasonable doubt that they are unconstitutional, Armistead et al. v. State, ex rel. Smyth, 41 So.2d 879.
The judgment of the Criminal Court of Record of Dade County is affirmed.
TERRELL, Acting C.J., DREW, THORNAL, O'CONNELL and HOBSON (Retired), JJ., and WALKER, Circuit Judge, concur.