SCHEB, Judge.
Appellants constitute the Board of County Commissioners of Pinellas County and in that capacity they challenge a writ of mandamus directing them to issue appellee Harris a license to carry a pistol.
Appellee Harris, a 65-year old semiretired jeweler, on three occasions applied to the Board for a license to carry a pistol under Section 790.06, Florida Statutes. After his third request was refused, he obtained an alternative writ of mandamus directed to the Board. Upon denial of the Board’s motion to dismiss, a peremptory writ was issued and this appeal ensured. We affirm.
*291 The parties have stipulated that the only point on appeal is whether Section 790.06, Florida Statutes, vests the Board of County Commissioners with discretion to issue or deny a license, or whether that statute mandates issuance of a license to a person of sufficient age and of good moral character.
The relevant part of Section 790.06, Florida Statutes, provides:
“The county commissioners of the respective counties of this state may at any regular or special meeting grant a license to carry a pistol, Winchester or other repeating rifle, only to such persons as are over the age of 21 years and of good moral character, for a period of 2 years,
No contention is made by the Board that appellee has failed to comply with any of its application procedures or that appellee has failed to meet the standards it has established to assure that a licensee possesses the requisite skill in use of a weapon and knowledge of safety procedures in handling firearms. And, while the statute implies discretion in making a determination of an applicant’s character, there is no issue here as to moral character of the appellee.[1]
The Board contends the statute vests it with such discretion that it is not required to act except in its own good judgment. By denial of appellee’s application of May 28, 1975, the Board implicitly determined there was no demonstrated need for appellant to have the requested license.[2] In support of their position, the Board cites Opinion 051-105, issued May 7, 1951, by the Attorney General of the State of Florida, stating that it is entirely discretionary with the Board whether such a license issues to an applicant who meets the statutory requirements of age and moral character.
While not unsympathetic to the Board’s contention that public safety and the general welfare demand that discretion be exercised in determining whether to issue these permits, we are cognizant that the same statutory enactment was reviewed in Smith v. State ex rel. Osborne, 121 Fla. 241, 163 So. 524 (1935). There, the Board of County Commissioners of Marion County, in responding to an alternative writ of mandamus, contended that the relators did not show any necessity to have a license to carry a firearm. There, as here, there was no question of the relators meeting the age requirements or of demonstrating their good moral character, but the Board, nevertheless, denied relator’s request for permit. In Smith the court affirmed the issuance of a peremptory writ and stated:
“The only question presented here was whether or not where a person over 21 years of age, of good moral character, applies to the board of county commissioners for a license to carry a firearm such as is contemplated under section 5101, R.G.S., section 7203, C.G.L., and it does not appear that the person applying for such license intends to use the firearm for which such license is to apply for an unlawful purpose, it thereupon becomes the duty of the board of county commissioners to issue the license when the terms of the statute have been complied with and it does not appear that it is the purpose of the applicant to use the firearms described in his application for unlawful purposes.”
There are compelling arguments that as a rapidly urbanizing state, Florida has *292 changed considerably in the more than 40 years since Smith was decided and that the interpretation of Smith should be reviewed. A question as to the continued viability of Smith is also raised by the amendments that have been made in the laws concerning the licensing of persons to carry firearms. For although the licensing provision construed in Smith has not been changed for over 70 years, the statutes relating to carrying of firearms have been revised considerably. When Smith was decided, a license was required to carry any pistol or repeating rifle with the only persons excepted being certain enumerated law enforcement officers. Section 7202 C.G.L. (1927). Moreover, at that time even this form of license did not authorize the carrying of a concealed weapon. See Section 7197, C.G.L. (1927). In contrast, the current statutes except a variety of persons from the licensing requirements. Now, in addition to law enforcement officers, authorized federal employees, military and national guard personnel, civil defense trainees, and guards or messengers transporting valuables are exempted. Also exempted are persons engaged in, or en route to, such activities as target practice, hunting and fishing. Section 790.25(3), Florida Statutes (1975). None of these exemptions authorize a person to carry a concealed weapon; however, a license holder under current law is authorized to carry a concealed firearm. Section 790.01(4), Florida Statutes.
We are not speaking of the individual’s right to bear arms, but rather the state’s power to regulate carrying such arms in a concealed manner. Cf. Rinzler v. Carson, 262 So.2d 661 (Fla.1972). And even though a good case can be made for statutory controls adequate to assure that a person have a bona fide need to carry a firearm and be qualified to handle it before receiving a license, the legislature has not seen fit to amend the statute which was originally enacted in 1903. And while the view expressed by the Attorney General’s opinion in 1951 allows the board to achieve a laudable result, it does not follow the law as interpreted in Smith, supra.[3] This court is bound by the decisions of the Supreme Court of Florida. Cf. Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
Accordingly, the judgment of the trial court is affirmed on authority of Smith v. State, supra. In view, however, of our concern as to the present viability of the Smith holding and the great public interest involved, we certify to the Supreme Court of Florida the following question as one of great public interest:
Does Section 790.06, Florida Statutes, vest a Board of County Commissioners with any discretion in the issuance of licenses to carry firearms to persons meeting the statutory criteria of age and good moral character?
BOARDMAN, A. C. J., and GRIMES, J., concur.

. Appellee’s good moral character was attested by a jeweler, an attorney, and a physician, all of whom are unrelated to appellee and have known him for 15 years or more. Each certified that appellee is a person of good moral character, temperate, industrious and in all respects fit to have a gun permit.

. In a motion for continuance, the parties, by their attorneys, stipulated:
“1. Under previous Board of County Commissioner policy, gun permits were issued only to night watchmen and private police personnel.
2. On March 18, 1975, the Board of County Commissioners adopted new policy regarding gun permits. Henceforth, gun permits shall be granted to those persons whose lines of business or other activities indicate a need to carry a gun with each application handled individually and based on the particular situation.”

. While there is dicta in Davis v. State, 146 So.2d 892 (Fla.1962), indicating issuance of permits may be discretionary, Smith, supra, appears controlling on the question now before us.