345 So.2d 336 (1977)
G. Patrick ILEY et al., Petitioners,
v.
Robert HARRIS, Respondent.
No. 50715.
Supreme Court of Florida.
April 21, 1977.
W. Gray Dunlap, County Atty., and Scott L. Knox, Asst. County Atty., for petitioners.
John T. Robinson, St. Petersburg, for respondent.
KARL, Justice.
We have for review on certiorari granted a decision of the District Court of Appeal, Second District, in Iley v. Harris, 339 So.2d 290 (Fla. 2d DCA, 1976), which passed upon a question which it certified to be of great public interest. Jurisdiction vests under Article V, Section 3(b)(3), Florida Constitution.
Robert Harris, the appellee, applied to appellants, as the Board of County Commissioners of Pinellas County, for a license to carry a pistol under Section 790.06, Florida Statutes. At the time he made application, Harris was sixty-five years of age, of good moral character and described by witnesses as temperate, industrious and, in all respects, fit to have a gun permit. After his request was denied, he obtained an alternative writ of mandamus directed to the Board. Upon denial of the Board's motion to dismiss, the peremptory writ was issued, and on appeal, the order of the trial court was affirmed. Iley, et al. v. Harris, supra. Therein, the Second District Court of Appeal certified the following question to us:
"Does Section 790.06, Florida Statutes, vest a Board of County Commissioners with any discretion in the issuance of licenses to carry firearms to persons meeting the statutory criteria of age and good moral character?"
Section 790.06, Florida Statutes, is derived from Chapter 4147, Laws of Florida 1893, and has not been amended for over seventy years. It provides:
"How license procured.  The county commissioners of the respective counties of this state may at any regular or special meeting grant a license to carry a pistol, Winchester or other repeating rifle, only to such persons as are over the age of 21 years and of good moral character, for a period of 2 years, upon such person giving a bond payable to the Governor of the State in the sum of $100, conditioned for the proper and legitimate use of said weapons, with sureties to be approved by the county commissioners. The commissioners shall keep a record of the names *337 of the persons taking out such a license, the name of the maker of the firearm so licensed to be carried, and the caliber and number of the same."
In Smith v. State, ex rel. Osborne, 121 Fla. 241, 163 So. 524 (Fla. 1935), affirming the judgment of the trial court awarding a peremptory writ of mandamus directed to the Board of County Commissioners of Marion County, the court considered the subject statute and stated:
"The only question presented here was whether or not where a person over 21 years of age, of good moral character, applies to the board of county commissioners for a license to carry a firearm such as is contemplated under section 5101, R.G.S., section 7203, C.G.L., and it does not appear that the person applying for such license intends to use the firearm for which such license is to apply for an unlawful purpose, it thereupon becomes the duty of the board of county commissioners to issue the license when the terms of the statute have been complied with and it does not appear that it is the purpose of the applicant to use the firearms described in his application for unlawful purposes."
The District Court certified the question to us in recognition of the considerable changes that have taken place in Florida in the forty years since Smith, supra, and the amendments and additions that have been made to other sections of Chapter 790, Florida Statutes. In answering the certified question, we must determine whether those changes have affected the viability of Smith, supra.
We have considered the effects of the increased urbanization of Florida since Smith. We have carefully reviewed the changes in the laws pertaining to weapons and firearms. We have also determined that the Court did not recede from or modify Smith, supra, when it considered the constitutionality vel non of Section 790.05, Florida Statutes, in Davis v. State, 146 So.2d 892 (Fla. 1962). Specifically noted is the addition to Chapter 790 of Section 790.25(4):
"Construction.  This act shall be liberally construed to carry out the declaration of policy herein and in favor of the constitutional right to keep and bear arms for lawful purposes. This act shall be supplemental and additional to existing rights to bear arms now guaranteed by law and decisions of the courts of Florida, and nothing herein shall impair or diminish any of such rights. This act shall supersede any law, ordinance, or regulation in conflict herewith."
We conclude that, in enacting Section 790.06, Florida Statutes, the Legislature intended that the respective county commissions issue the requested permits to all applicants possessing the qualifications of age and good moral character, and that nothing has intervened since the Smith decision to create any doubt as to that intent. We adhere to the precedent established in Smith, supra, and decline to unsettle the law that is so well established.
Accordingly, we answer the certified question in the negative, affirm the decision of the District Court of Appeal, Second District and discharge the writ of certiorari.
It is so ordered.
OVERTON, C.J., and ADKINS and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I respectfully dissent. Section 790.06, Florida Statutes, states that:
"The county commissioners of the respective counties of this state may at any regular or special meeting grant a license to carry a pistol, Winchester or other repeating rifle, only to such persons as are over the age of 21 years and of good moral character... ."
The above statutes says that the commissioners may grant permits but does not say they shall issue same.
Section 790.25(4), Florida Statutes, provides:
"This act shall be liberally construed to carry out the declaration of policy herein *338 and in favor of the constitutional right to keep and bear arms for lawful purposes... ."
I have carefully examined these complicated statutes and have found nothing which mandates that all persons over the age of twenty-one years and of good moral character shall be entitled to receive licenses to carry weapons otherwise prohibited in the statutes. County commissioners are closer to the people than other public officials and reflect the thinking of the communities in which they serve. They generally know, or can easily ascertain, the needs, moral character and fitness of applicants, and it therefore appears to me that the Legislature intended that permission to carry prohibited weapons would be granted in the exercise of discretion by the county commissioners. If this were not so, a clerk could routinely investigate and issue permits without involving the boards of county commissioners.
It should be obvious that Chapter 790, Florida Statutes, relating to weapons and firearms, should be revised to meet modern conditions, but I am deeply concerned over the result of the majority opinion which, if literally construed, would require boards of county commissioners to grant licenses to bear firearms to approximately three million Floridians.