ANSTEAD, Judge,
concurring specially:
The appellant seeks to reverse an order of the trial court quashing an alternative writ of mandamus which had been directed to the commissioners to show cause why they should not be compelled to issue appellant a license to carry a concealed weapon. The appellant contends that he met all statutory and county requirements for the issuance of a license and was entitled to a writ of mandamus compelling the issuance of the permit. Iley v. Harris, 345 So.2d 336 (Fla.1977); Johnson v. Alexander, 219 So.2d 66 (Fla. 4th DCA 1969). The statute in question [1] was amended in 1976 and for the first time authorized the county commissioners to establish by ordinance criteria for the issuance of licenses to carry concealed weapons. Seminole County passed such an ordinance which included a requirement that the applicant demonstrate an immediate need to carry a weapon. The commissioners denied appellant's application and claim on appeal that he did not demonstrate sufficient need. Appellant claims he did demonstrate immediate need. Since there is a factual dispute as to appellant’s need to carry a weapon I do not believe mandamus is a proper remedy. The commissioners must originally determine that issue. That determination may be subject to judicial review, but not by mandamus. Unlike the situation in Iley v. Harris, supra, the legislature has now vested substantial discretion in the county commissioners to determine the criteria for the issuance of licenses. It is true that after establishing such criteria the discretion of the commissioners is limited to determining whether or not an applicant meets the criteria. However, when compliance with such criteria becomes an issue of fact the commissioners necessarily must exercise some discretion in resolving that issue, and hence mandamus, available only when a purely ministerial, non-discretionary act is involved, is not a proper remedy. State ex rel. Zuckerman-Vernon Corp. v. City of Miramar, 306 So.2d 173 (Fla. 4th DCA 1974). Therefore, the trial court was correct in quashing the writ of mandamus.

. Section 790.06, Florida Statutes (1977).