388 So.2d 645 (1980)
BREVARD COUNTY et al., Appellants,
v.
Dr. William E. BAGWELL et al., Appellees.
No. 79-283.
District Court of Appeal of Florida, Fifth District.
October 1, 1980.
*646 Clifton McClelland and Robert L. Nabors of Nabors, Potter, McClelland, Griffith & Jones, P.A., Titusville, for appellants.
George Ritchie, Cocoa, for appellees.
DAUKSCH, Chief Judge.
This is an appeal from a judgment which declared unconstitutional a county ordinance regarding gun licensing.
The Brevard County Board of Commissioners enacted County Ordinance No. 78-01 pursuant to the authority delegated to it by the Legislature by section 790.06, Florida Statutes (1977), which provided for the regulation of concealed pistols through a uniform policy of issuance of licenses. Each appellee had applied to the board of county commissioners for a license pursuant to the provisions of this ordinance. Their applications had been denied on the sole ground that each had failed to show a "demonstrated need" to carry a concealed pistol as required by subsection (f) of section 25-21 of the ordinance:
(f) The applicant has demonstrated need to carry a firearm as a result of his occupation, employment, profession or other relevant factor of activities. In determining whether or not the applicant has a demonstrated need to carry a firearm, the Board of County Commissioners may consider any one or more of the following factors:

(1) Whether or not there exists an imminent and continuing threat of serious bodily harm to the person of the applicant based upon a consideration of the individual circumstances of the applicant that are different in kind and degree from that of the general public.
(2) Whether or not the applicant is placed by his occupation, employment or profession in circumstances constituting an imminent and continuing threat of serious bodily harm to the person of the applicant based upon the individual circumstances of the applicant that are different in kind and degree from that of the general public.
(3) Availability of personnel subject to the exceptions set forth in Section 790.25(3), Florida Statutes (1975) or other local, state or federal licensing laws, rules or regulations to provide protective services to persons or property referenced herein.
Provided, however, that the enumeration of the specific criteria hereinabove set forth shall not be interpreted or construed in any way to limit or prohibit the Board of County Commissioners from considering such additional factors or circumstances relating to the demonstrated need to carry a firearm by the applicant as the Board, in its sole discretion, deems appropriate.
The applicant shall have the burden of showing demonstrated need indicating why he should be licensed to carry a concealed weapon on his person. (Emphasis supplied).
The denial of their applications led appellees to file for declaratory relief. The trial court adjudged the entire subsection (f) to be unconstitutional, found it to be severable from the other subsections of this ordinance and found that the board of county commissioners did not have the authority to enact these provisions. We agree with part of this judgment and therefore affirm in part. We also agree that subsection (f) is severable, but in addition find that a portion of subsection (f) is severable from the remainder of the subsection.
The trial court declared the entire subsection (f) unconstitutional because: (1) it is violative of the due process clauses of the Florida Constitution and the fourteenth amendment to the United States Constitution in that it bears no reasonable relation to any public purpose and is discriminatory, arbitrary and oppressive; and (2) it is violative of the equal protection clauses of the Florida Constitution and the fourteenth amendment to the United States Constitution.
We agree with the trial court that the following paragraph of subsection (f) is facially unconstitutional:

*647 Provided, however, that the enumeration of the specific criteria hereinabove set forth shall not be interpreted or construed in any way to limit or prohibit the Board of County Commissioners from considering such additional factors or circumstances related to the demonstrated need to carry a firearm by the applicant as the Board, in its sole discretion, deems appropriate.
This paragraph is unconstitutional because it allows the county commissioners to consider any criteria they desire and does not require the commissioners to consider the same criteria for each applicant. Such unbridled discretion allows for capricious and arbitrary discrimination in violation of the due process clauses. Drexel v. City of Miami Beach, 64 So.2d 317 (Fla. 1953); Permenter v. Younan, 159 Fla. 226, 31 So.2d 387 (1947). See also Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla. 1974). The paragraph is therefore facially constitutionally defective and thus invalid.
In addition, we find the board of county commissioners without authority to enact the above noted paragraph. The Legislature, through section 790.06, Florida Statutes (1977), only enabled a board of county commissioners to "adopt by ordinance a uniform policy and procedure for the issuance of licenses to carry concealed pistols... ." We interpret the words "uniform policy" to mean that the county commissioners must limit themselves to considering the same criteria for each license application. Since this paragraph says the commissioners may, in their discretion, consider additional and different criteria for each applicant, it is beyond the authority granted to the commissioners by section 790.06. Compare Iley v. Harris, 345 So.2d 336 (Fla. 1977).
We disagree with the trial court in its finding that the remaining provisions of subdivision (f) are constitutionally invalid. First, these other provisions are related to the public purposes of maintaining order and reducing violence. These purposes are recognized as being related to public safety and welfare and the enactment of such provisions is a valid exercise of the state's police power. Lasky at 15. See also City of Miami v. Kayfetz, 92 So.2d 798 (Fla. 1957).
Next, the remaining provisions of subsection (f) set forth in clearly understandable language standards for the review of applications for pistols. These standards sufficiently preclude arbitrariness or capricious discrimination on the part of the county commissioners and therefore do not violate the constitutional guarantees of the due process clauses. See Pinellas Apartment Ass'n, Inc. v. City of St. Petersburg, 294 So.2d 676 (Fla.2d DCA 1974).
We also disagree with the trial court's finding that the other provisions of subsection (f) concerning a "demonstrated need" violate the equal protection clauses. These remaining provisions classify persons having a need to carry a concealed pistol from those having no need. As already discussed, such classification is not arbitrary and is reasonably related to legitimate public purposes. These classification provisions also require the county commissioners to treat all persons in the same class in a similar manner. We find that this is a reasonable classification serving a valid purpose under the state's police power. It therefore does not deny persons of their constitutional right to equal protection. United Yacht Brokers, Inc. v. Gillespie, 377 So.2d 668 (Fla. 1979); Lasky v. State Farm Insurance Company, 296 So.2d 9 (Fla. 1974).
Finally, we find that the provisions of subsection (f) other than the invalid paragraph do not exceed the authority delegated to the board of county commissioners by the Legislature. Section 790.06 says that the uniform policy established by the ordinance "shall be based upon, but not limited to, the following criteria... ." (Emphasis added.) Subsections (c), (d) and (e) of this county ordinance delineate these mandatory criteria and subsection (f) prescribes additional criteria. This is allowed by section 790.06.
We hold that all of the provisions of section (f) except for the already noted *648 invalid paragraph are constitutional and were enacted pursuant to the police power delegated to the board of county commissioners. We find that these provisions form a complete and coherent policy for the issuance of licenses. Since the invalid paragraph can be logically separated from these provisions, this invalid paragraph should be severed from the ordinance and the remaining provisions sustained. State ex rel. Boyd v. Green, 355 So.2d 789 (Fla. 1978); Presbyterian Homes of Synod of Florida v. Wood, 297 So.2d 556 (Fla. 1974).
As the trial court did not reach the question of whether the county commissioners properly denied appellees their permit, we remand the cause to that court with the instruction to order the county commissioners to reconsider the applications of appellees based only upon the valid provisions of subsection (f).
REVERSED IN PART AND REMANDED.
ORFINGER and COBB, JJ., concur.