Mr. T.M. Barlow City Attorney City of Indian Harbour Beach 65 E. Nasa Boulevard Post Office Box 459 Melbourne, Florida 32902-0459
Dear Mr. Barlow:
This is in response to your request for an opinion on the following question:
 WHETHER A MUNICIPALITY HAS THE POWER UNDER THE MUNICIPAL HOME RULE POWERS ACT, CH. 166, F.S., TO ENACT AN ORDINANCE REQUIRING A LICENSE ISSUED BY THE MUNICIPALITY FOR THE CARRYING OF A CONCEALED FIREARM WITHIN THE MUNICIPALITY.
Your request states that Indian Harbour Beach is in Brevard County and that the Brevard County Board of County Commissioners has adopted an ordinance pursuant to s 790.06, F.S., providing for the issuance of licenses by that board for carrying concealed firearms. Your letter further states that the real issue to be addressed is "whether the State Legislature has, by its enactment of Section 790.06, Florida Statutes, preempted to counties the authority to promulgate ordinances regulating the carrying of concealed firearms." Accordingly, the city inquires as to whether it has home rule power to adopt its own regulations for issuance of licenses.
The carrying of firearms and concealed weapons and the licensing of firearms generally are regulated by Ch. 790, F.S. Section790.01(1), F.S., makes the carrying of certain concealed weapons on or about the person a misdemeanor of the first degree, and s790.01(2), F.S., provides that carrying a concealed firearm on or about the person is a felony of the third degree. However, s790.01(3), F.S., further provides that these provisions are inapplicable to "persons licensed as set forth in ss. 790.05 and790.06." The foregoing statutory provisions apply to and operate within the entire county, i.e., in both the incorporated and unincorporated areas of a county. Section 790.06, F.S., sets out the procedure for obtaining a license from the county commission to carry concealed pistols on the person.
 The county commissioners of the respective counties of this state may, at any regular or special meeting, adopt by ordinance a uniform policy and procedure for the issuance of licenses to carry concealed pistols on the person. Such licenses shall in any event be issued only to persons who are 18 years of age or older and of good moral character, for a period of 2 years, upon such person giving a bond payable to the Governor of the state in the sum of $100, conditioned for the proper and legitimate use of said weapons, with sureties to be approved by the county commissioners.
The statute further provides that the "uniform policy" shall be based on, but shall not be limited to, certain specified criteria. See, Brevard County v. Bagwell, 388 So.2d 645 (5 D.C.A. Fla., 1980), finding, among other things, that under s 790.06, F.S. 1977, a county ordinance delineating the mandatory criteria prescribed by s 790.06 and also prescribing additional criteria was not beyond the scope of authority delegated to the board of county commissioners by the Legislature. Id., p. 647. Cf., Iley v. Harris, 345 So.2d 336 (Fla. 1977), in which the Florida Supreme Court in construing an earlier version of s 790.06 held that the statute did not vest the board of county commissioners with any discretion in the issuance of licenses to persons meeting the then statutory criteria (age and good moral character). See generally, ss 790.05, 790.051, 790.052, and 790.25(3), F.S., for persons exempted or excepted by statute from the operation of ss 790.05 and 790.06.
Section 166.021(3)(c), F.S., provides in pertinent part that the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the State Legislature may act, except "[a]ny subject expressly preempted to state or county government by the constitution or by general law . . . ." As to preemption, see, City of Miami Beach v. Rocio Corp.,404 So.2d 1066, 1067-1069 (3 D.C.A. Fla., 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981); Edwards v. State, 422 So.2d 84,85 (2 D.C.A. Fla., 1982); State v. Redner, 425 So.2d 174, 175 (2 D.C.A.Fla., 1983); City of Venice v. Valente, 429 So.2d 1241,1243-1244 (2 D.C.A. Fla., 1983). Therefore, if the licensing of firearms or the issuance of licenses to carry concealed pistols is not expressly preempted to state or county government by general law, municipal legislation may be enacted on that subject, unless otherwise impeded or precluded. See, City of Miami Beach v. Rocio Corp., supra, at 1067-1069, wherein the court found that the state Condominium Act, Ch. 718, F.S., did not expressly preempt the subject of condominium conversion to state government, and therefore municipal ordinances concerning such conversion were not preempted by the state law; State v. City of Pensacola,397 So.2d 922 (Fla. 1981), holding that the Florida Housing Finance Authority Law and the Community Redevelopment Act of 1969 did not expressly preempt a municipality's involvement in the issuance of revenue bonds for the purpose of financing the purchase of low-interest mortgage loans for construction, purchase, reconstruction or rehabilitation of single-family residences within the inner city area. See also, Edwards v. State, supra (subject of drug abuse control not preempted to state); City of Venice v. Valente, supra (state law providing for attorney fees in special assessment suits did not expressly preclude municipalities from providing for costs and attorney fees in other appropriate instances of litigation). Compare, County of Volusia v. City of Daytona Beach,420 So.2d 606, 610 (5 D.C.A. Fla., 1982), stating that it was apparent that the state in that case had preempted the field of medical transportation services and had delegated to a state agency and the counties the duty to administer a state plan for the services.
Accordingly, although the comprehensive statutory regulatory and licensing scheme seems to be exclusive, I am unable to conclusively state that the provisions of Ch. 790, F.S., distinctly and explicitly, see, Edwards v. State, supra, at 85, or expressly preempt to state or county government the licensing of firearms or the issuance of licenses to carry concealed pistols on the person so as to preclude a municipality on the basis of preemption doctrine from enacting legislation on that subject. However, the city may be otherwise impeded or precluded.
Section 8, Art. I, State Const., provides in relevant part that "the manner of bearing arms may be regulated by law." (e.s.) The word "law" as used in this constitutional provision means a statute adopted by both houses of the Legislature. See, Advisory Opinion to Governor, 22 So.2d 398 (Fla. 1945); cf., Merriman v. Hutchinson, 116 So. 271 (Fla. 1928) (a legislative enactment purporting to authorize an administrative body to levy a tax without definitely limiting the rate of the levy or the amount to be collected or the indebtedness that may be incurred to be paid by the tax is an unconstitutional attempt to delegate the legislative power of taxation; and such an enactment is not a law within meaning of constitutional provision that no tax shall be levied except in pursuance of law). A municipal ordinance regulating "the manner of bearing arms," of course, is not a "law" within the meaning of s 8, Art. I, State Const. The Legislature in enacting Ch. 790, F.S., in the exercise of its police power has determined to regulate the carrying of concealed weapons and concealed firearms or "the manner of bearing arms." No duty or power in that regard has been duly delegated to municipalities. See, Rinzler v. Carson, 262 So.2d 661, 668 (Fla. 1972) (in order for a municipal ordinance to prohibit that which is allowed by general laws of the state [possession of a machine gun owned and possessed under provisions of federal law], there must be an express legislative grant by the state to the municipality authorizing such prohibition). City of Miami Beach v. Rocio Corp., supra, at 1069 (municipal ordinance inferior to state law and must fail when conflict arises; such principle remains undisturbed under Ch. 166, F.S.). And compare, State ex rel. Baker v. McCarthy, 166 So. 280 (Fla. 1936), holding that a statute permitting operation of coin-operated machines on payment of license tax rendered nugatory a previously enacted municipal ordinance insofar as the ordinance applied to such machines, and that a municipality could not refuse to issue a license to operate coin-operated machines to one lawfully entitled thereto who has paid or in good faith tendered license fees to proper authorities. See also, City of Miami Beach v. Rocio Corp., supra, at 1070, holding that concurrent legislation enacted by municipalities may not conflict with state law, such that a local ordinance which supplements a statute's restriction of rights may coexist with that statute whereas an ordinance which countermands rights provided by statute must fail.
As herein noted, the terms and operative force of s 790.01, F.S., including the exception therefrom of persons licensed as provided for in ss 790.05 and 790.06, F.S., and of ss 790.05 and 790.06, enacted in the exercise of the police power of the state pursuant to s 8, Art. I, State Const., extend to and operate in both the incorporated and unincorporated areas of the county. A person licensed to carry a concealed pistol by the county commission pursuant to s 790.06 may carry such firearm anywhere within the territorial limits of the county and may not lawfully be arrested for or charged with or convicted of a violation of s 790.01, F.S. Were it not for the Legislature's regulation by ss 790.01, 790.05, and 790.06 of the carrying of pistols (and other weapons) and the carrying of concealed firearms on or about the person, i.e., the regulation of "the manner of bearing arms," under the authority of the provisions of s 8, Art. I, State Const., an individual would have a constitutionally protected right to carry firearms. See, Davis v. State, 146 So.2d 892 (Fla. 1962). The Davis Court observed at p. 894 that it seemed sensible that to secure the protection intended in the proviso of s 20, Declaration of Rights, State Const.1885, which is substantially the same in s 8, Art. I, State Const., the regulatory procedure should be placed under the control of the county commissioners as was done in former s790.06, F.S. As noted in Rinzler v. Carson, supra, a municipality cannot forbid what the Legislature has authorized or required, nor authorize within its limits what the Legislature has expressly forbidden (the carrying of a concealed firearm without a license from the county commission), and in order for a municipal ordinance to prohibit that which is allowed by general law of the state there must be an express legislative grant by the state to the municipality authorizing such prohibition. See also, City of Miami Beach v. Rocio Corp., supra, at 1069-1071 (including the observation that "[w]hen conduct permitted by state law is prohibited by local ordinance, citizens become hopelessly entangled in a web of government").
In summary, unless and until judicially determined otherwise, it is my opinion that a municipality does not have the power under the Municipal Home Rule Powers Act, Ch. 166, F.S., to enact an ordinance requiring a license issued by the municipality for the carrying of a concealed firearm within the municipality in the absence of an express legislative grant by the state to the municipality authorizing such ordinance, inasmuch as the terms and operative force of s 790.01, F.S., including the exception therefrom of persons licensed as provided for in ss 790.05 and790.06, F.S., and of ss 790.05 and 790.06, enacted in the exercise of the police power of the state pursuant to s 8, Art. I, State Const., extend to and operate in both the incorporated and unincorporated areas of the county.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General