Browne, C. J., and Taylor, Shackleford, Whitfield and Ellis, JJ., concur.

---

John S. Taylor, et al., as the Board of County Commissioners of Pinellas County, Plaintiffs in Error, v. The State of Florida, ex rel., M. P. Miller, et al., Defendants in Error.

Opinion Filed March 8, 1917.

1. Chapter 6239 as amended by Chapter 6480 Laws of Florida is not applicable to any county that has constructed a new

court house within the past twenty years, unless the court house is built of wood *and* the county site is not located on any line of railroad transportation.

2. As the county site of Pinellas county is located on a line of railroad transportation and the court house of the county was erected therein within the past twenty years, Chapter 6239 as amended by Chapter 6480 Laws of Florida is not applicable to Pinellas county.

Writ of Error to Circuit Court for Pinellas County; O. K. Reaves, Judge.

Judgment reversed.

*J. S. Davis, Jas. F. Glen and Sparkman & Carter,* for Plaintiffs in Error;

*Lunsford & DeVane,* for Defendants in Error.

WHITFIELD, J.—At the instance of resident citizens and tax payers who were relators an alternative writ of mandamus was issued by the Circuit Judge commanding the County Commissioners of Pinellas County to meet and receive a petition praying for a change of the county site of the county "and act upon the same, and call an election for the purpose of choosing and locating the permanent county site of said county, and that said election be called and held as required by law," or to show cause for not doing so. The respondents filed the following return:

"1. That the permanent County site of Pinellas County was located, and intended both by the Legislature and by the voters of Pinellas County to be located, at Clearwater in pursuance of the election held on the second Tuesday in November, A. D. 1911, under the

provisions of Section 21 of Chapter 6247, Acts of 1911, creating Pinellas County, and the said Chapter 6247 would not have been accepted by the voters of Pinellas County, or the said election carried, unless upon the consideration that Clearwater should be the permanent County site of said County, all of which was well known to the relators and to the, citizens and voters of Pinellas County, and it was agreed by common consent of the citizens and voters of Pinellas County, including the relators, that Clearwater should be the permanent County site of the said county for the purpose of carrying the said election, and in order to carry such election, and, without such agreement the said election could not have been carried.

"2.   These respondents deny that no permanent court-house, jail, or other permanent county building has been erected in Pinellas County since the same was created, and aver that the present County site is located at Clearwater, and Clearwater is a city located on two lines of railroad transportation, to-wit, the Atlantic Coast Line and the Tampa and Gulf Coast Railroad, and a new and substantial court-house of wood, including the necessary county offices, was constructed at Clearwater, in the year 1912, at a cost of several thousand dollars, which ever since has been, and now is, the court-house of said county; that in a former proceeding brought against the predecessors of these respondents it was determined and decided by the Supreme Court of Florida, in the case of State *ex rel., versus* S. S. Coachman, *et al.,* as County Commissioners of Pinellas County, officially reported in Volume 64 of the Florida Reports, at page 478, that the provisions of Chapter 6239 Laws of Florida, Acts of 1911, applied to Pinellas County, and under the provisions of said Act these respondents are without power or

authority to call an election to change the location of said County site prior to the year 1932, wherefore they declined and refused to entertain or consider the petition of the relators, or pass upon the sufficiency thereof to require them to call an election as therein prayed."

This return was sustained on demurrer and motion to quash. A demurrer to the following replication was overruled;

"3. And for a third replication to the said return of the respondents herein, the relators say that the effect of Chapter 6247 of the Laws of Florida, and of the election held thereunder on the second Tuesday in November, 1911, as alleged, in said return, was to establish at Clearwater a temporary county-site only, for Pinellas County, and that there has not been constructed in Pinellas County any permanent court house or any court house intended by the County Commissioners of Pinellas County to be a permanent court house for said County; that the building or structure which was at the time of the filing of the petition for election, as alleged in the petition for an alternative writ herein, being used and occupied by the County Commissioners and other officials of said County as temporary quarters for the transaction of the official business of said County of Pinellas, is a cheap, wooden building inadequate and insufficient for the use of the officials of said County in the transaction of the official business of said County which said building never was, at the time of the erection thereof nor since, considered or treated by the County Commissioners of said County as a permanent court house for said County, and which said building was not, when constructed, upon land belonging to the said County of Pinellas, but that the said building was constructed as a subterfuge and with the fraudulent intent and purpose on

the part of the County Commissioners of said County, of avoiding an election for a change in the location of the county site, at which time of the erection of the said structure a petition was pending before the Board of County Commissioners of said County of Pinellas praying for an election for a change of the location of the county-site of said Pinellas County; that since the erection of the said structure now so occupied by the said County Commissioners and other officials of said County as temporary quarters for the transaction of their official business an election has been called and held by the County Commissioners of said County and a bond issue voted for the purpose of raising funds with which to purchase a county-site for said County and the construction of a court house and jail, and that such bonds have been by the said Board of County Commissioners sold and funds raised which are now in the possession or at the command of the Board of County Commissioners of said County with which to construct, and which funds are by the said Board of County Commissioners held for the purpose of constructing a substantial court house and jail for said County, and it is the intention of the said Board of County Commissioners of said County to erect a new, adequate and permanent court house for said County of Pinellas with such funds as soon as the question of the location of a permanent county-site shall be legally determined."

The following rejoinder was filed:

"That it is untrue that there has not been constructed in Pinellas County any permanent Court House or any Court House intended by the County Commissioners to be a permanent Court House for said County, and

that on the contrary a building or structure now in use as a Court House was constructed in the year 1912 at a cost of several thousands of dollars with the intention and purpose of constituting a permanent Court House for said County, and the said Court House was then adequate and sufficient for the use of the officials of the said County in the transaction of the official business of the said County and has continued to be until the present time; that it is untrue that the said building when constructed was not upon land belonging to the said County of Pinellas, and it is not true that the said building was constructed as a subterfuge with the fraudulent intent and purpose on the part of the County Commissioners of said County of avoiding an election for the change of the location of the County site, and these respondents aver that the said Court House was constructed in perfect good faith; that it is true a petition had been filed for an election for the change of the location of the County site at the time of the construction of the said Court House but the said petition had not been signed by the requisite number of qualified electors who were tax payers to require or authorize the County Commissioners to call an election, and at the time of constructing the said Court House it was well known to the County Commissioners and to all of the citizens of Pinellas County, Florida, that the act of the Legislature creating Pinellas County had been passed under an agreement that Clearwater should be the permanent County site of said County, and it was further well known to the County Commissioners and to all of the citizens of Pinellas County, Florida, that the election held in pursuance of the act aforesaid would not have carried but for the said agreement that Clearwater should be the County site of said County, and the County Com-

missioners of said County constructed the said Court House for the purpose of permanently locating the County site at Clearwater and preventing a breach of faith upon the part of citizens who were agitating the question of removal of the County site."

A demurrer to the rejoinder was sustained and a peremptory writ of mandamus was issued the command thereof following that contained ·in the alternative writ. The respondents took writ of error and contend that the court erred in overruling the demurrer to the third replication, in sustaining the demurrer to the rejoinder; and in granting the peremptory writ of mandamus.

The proceedings herein are for the enforcement of steps taken to hold an election to change the county site of Pinellas County pursuant to the provisions of Chapter 6239 Acts of 1911, section 10 of which Chapter is amended by Chapter 6480 Acts of 1913, to read as follows:··

"That Section ten (10) Chapter 6239, Laws of Florida, be amended so as to read as follows: 'Section 10. The provisions of this Act shall not apply to any county having constructed a new court house within the past twenty years, other than a county having constructed a court house of wood, in which the County site is situated in any town or city not located on any line of railroad transportation, and any person or persons, firm or corporation using· money, goods or chattels to secure votes or influence for any place as the County site of any County in this State, shall, upon conviction thereof, be Imprisoned in the State Penitentiary not exceeding two years.' "

As the return avers that a court house was constructed in Clearwater in Pinellas County in 1912 and that Clearwater is the county site of Pinellas County and is a city located on two lines of railroad transportation,

Chapter 6239 is not applicable, since Section 10 of such Chapter as amended by Section 1 Chapter 6480 set out above in effect enacts that the provisions of the act shall not apply to any county having constructed a new court house within the past twenty years, unless the court house is built of wood *and* the county site is not located on any line of railroad transportation.

In this case "the county having constructed a new court house within the past twenty years," and "the county site is situated in" a town that is "located on a line of railroad transportation," the provisions of Chapter 6239 as amended do not authorize the holding of the election contemplated.

Even if "the effect of Chapter 6247 of the Laws of Florida, and of the election held thereunder on the second Tuesday in November, 1911, * was to establish at Clearwater a temporary county site only" as alleged, yet as the pleadings show an election to change and establish the county site involved here is not authorized by Chapter 6239 under which the election is sought, the peremptory writ of mandamus was erroneously ordered.

Though Chapter 6239 was applicable to Pinellas County before the amendment of 1913 to section 10 of the Act, that amendment excludes Pinellas County from the operation of the Act since as shown by the pleadings the court house in that county, though built of wood, was constructed within the past twenty years and the county site *is* located on a line of railroad transportation.

Reversed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and ELLIS, JJ., concur.