GULF VIEW APARTMENTS, INC., et al, *Appellants,* v. CITY OF VENICE, *Appellee.*

145 So. 842.

Division B.

Opinion filed January 14, 1933.

*John F. Burket,* for Appellants;

*Surrency & Keen,* for Appellees.

TERRELL, J.—The Appellee, City of Venice, instituted this suit in Chancery against Appellants as defendants below to foreclose a paving assessment lien against lot 4 of Block 105, Venezia Park Section of Venice. The defendant, Engineers National Bank of Cleveland, Ohio, appeared specially and moved to quash the constructive service made on it. This motion was denied and the defendants entered their joint and several answers to the bill of complaint. A demurrer and motion to strike certain portions of the answer was granted. This appeal is from that decree.

It is first contended that the lien sought to be foreclosed is void because the city failed to follow the provisions of its charter in respect to entries required to be made in the "Street Improvement Lien Book."

Section four of Chapter 11776, extraordinary Session Laws of 1925 and Section four of Chapter 13478 Special Acts of 1927, being the provisions of the city charter referred to, require that upon completion of the improvements, the city council, shall as soon as practicable; but within thirty days thereafter, prepare a statement of the cost of said improvements and enter in the "Street Improvement Lien Book," the amount of such costs, the date of the

completion of the work and the description of the lot upon which the lien is claimed.

The bill of complaint alleges that the improvement was completed December 5th, 1927. The record discloses that the assessment was entered in the "Street Improvement Lien Book" as of this date and that the amount of the assessment including a description of the lot were also entered therein in substantial compliance with the charter. Mere irregularities in the entries that do not deceive or mislead will not vitiate the lien. We think the procedure here was sufficient to constitute a valid lien.

The record further discloses that within the forty-five days allowed by the city charter, the city council on petition of interested property holders reduced the assessment complained of by ten per cent. The Appellant at no time objected to the improvements, or to the lien of the assessments within the time allowed by the charter or to the validity of the bonds and the validity of the entries in the "Street Improvement Lien Book" were considered and approved of by this Court in the City of Venice vs. State 96 Fla. 527, 118 So.308.

, Supplementing what has been said our attention is directed to the fact that the city charter in effect provides that when the costs of improvements are entered in the "Street Improvement Lien Book" they become a fixed lien upon the property described and that in no event shall the validity of such lien be questioned in any direct or collateral proceeding more than three months after the completion of the work; and that a copy of the entry of any such lien in the "Street Improvement Lien Book" certified by the city clerk under the corporate seal of the city, shall constitute *prima facie* evidence of the amount and existence of the lien upon the property described· in any proceeding to enforce or defend such lien.

In this case the work was completed December 5th, 1927. This suit was instituted October 23rd, 1929, almost two years later. In other words the three months limitation had long since expired and no objection was offered to the assessment or the lien notwithstanding this could have been done before the council as an equalizing board, or the letting of the contract for the improvement could have been enjoined or resistance to the validation of the bonds by intervention could have been made but failing to take advantage of any of these means of protection within the time allowed we think they are now estopped to do so. Abell vs. Town of Boynton, 95 Fla. 984, 117 So. 507, City of Venice vs. State *supra*. Tampa Dock Co. v. Hanchett Bond Co. 105 Fla. 470, 141 So. 526.

We are conscious of the rule to the effect that the doctrine of estoppel has no application when an assessment is wholly void. That is to say when the assessment is made in such a manner as to render it invalid or when constitutional or statutory provisions essential to its validity are completely ignored but no such showing is made in this case. For all the record shows the essential elements to validity are present.

If error was committed in denying the motion to quash the constructive service made on Engineers National Bank that error was cured when the bank afterwards came in Court and filed its demurrer and answer to the bill. Any pleading to the merits, regardless of when made, amounts to a general appearance and waives any defects in service previously made. Ortell vs. Ortell 91 Fla. 50, 107 So. 442.

It is next contended that the Chancellor erred in the inclusion of $7.20 as the cost of an abstract of title in the final decree, said abstract being essential and necessary as an incident to the foreclosure proceedings.

The answer to this contention is that the city charter, Section 6 of Chapter 11776 requires that suits to foreclose paving liens shall be by bill in equity which shall pray that the owner pay the amount of the lien and costs including a reasonable attorney's fee. In foreclosure proceedings of this kind an abstract of title is an essential element in present day practice and the necessary expense of it may well be embraced in the "cost" of the suit. Even if this were not true objection to the item appears not to have been urged in the lower court and it comes too late in this Court.

The next assignment of error is grounded on that part of the final decree precipitating to maturity the full amount of the paving lien when only two installments thereof had accrued.

The city charter of which this Court takes judicial knowl- edge, A. C. L. R. Co. v. State 73 Fla. 608, 74 So. 595, Charlotte Harbor & N. Ry. Co. v. Welles 78 Fla. 227, 82 So. 770, defines the powers of the city and in addition thereto provides that it may avail itself of all the rights, powers, privileges and franchises that are granted under general law to corporations or municipalities of its kind. We think the terms of the city charter are ample to warrant the precipitation to maturity of the full amount of the paving lien as was done under the circumstances in this case but if it does not the action of the Chancellor in doing so was fully warranted by Section 3031 Compiled General Laws of 1927.

The final decree is also challenged because of the allowance of Solicitor's fees.

The city charter, Section 6 of Chapter 11776, Acts of 1925, allows a reasonable Solicitor's fee to be fixed by the Court. Predicate for the fee complained of was laid in the bill of complaint, it was shown that the city agreed to pay a reasonable fee, it was supported by testimony and was fixed by the Court as the law directs.

Other assignments of error have been examined but no reversible error is shown to have been committed so they are not treated.

Affirmed.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.