CHARLES CARROLL, Judge.
These appeals by Metropolitan Dade County are from two judgments entered on final hearing, holding the county was not entitled to foreclose certain special assessment liens imposed on improved properties for waste collection charges.
Chapter 15 of the Code of Metropolitan Dade County provides for collection and disposal of waste from improved properties, fixes the charges to be made therefor, and provides that such fees are payable by the owners. In § 15-28 of the Code it is provided that the fees for collection and disposal of waste for improved properties shall constitute special assessment liens against such properties “until fully paid and discharged, or barred by law”; that the waste fees shall become delinquent if not paid within 90 days after their due date, with provision for penalty interest thereafter. It is further provided there that such liens shall remain valid for five years, and that the liens “may be enforced by any of the methods provided in Chapter 86 Florida Statutes [F.S.A.], or in the alternative, foreclosure proceedings may be instituted and prosecuted under the provisions of Chapter 173 Florida Statutes [F.S.A.], or payment thereof enforced otherwise as authorized by law.”
As to waste fees becoming due between July 1, 1959, and June 30, 1962, it was provided in § 15-28 they would constitute special assessment liens on such properties only if the Waste Division should file on or before December 1, 1962, notices of such liens in the office of the clerk of the circuit court, containing information there specified, including property description and name of owner. Following that requirement the ordinance stated that “a copy of such notice of lien shall be mailed to the owner of the property involved, as shown by the records of the Waste Division.” The time for mailing such notice to the owner, with relation to the time of the recording of the lien, was not stated or dealt with in the ordinance.
The ordinance provided that waste collection charges accruing after July 1, 1962, would constitute special assessment liens against the properties affected, but such liens imposed for charges after July 1, 1962, were not required to be recorded. Similar authority for their enforcement was provided.
On June 30, 1967, the county filed two complaints for foreclosure of such special assessment liens. [In one of the complaints foreclosure was sought against certain parcels on recorded liens, which had been imposed for charges that had become due prior to July 1, 1962. In the other complaint foreclosure was sought on unrecorded liens which had been imposed for waste charges subsequent to July 1, 1962. Following a consolidated trial thereon judgments were entered adverse to the plaintiff county. As to the earlier class of liens, the trial court found they had been duly recorded by filed notices containing the required information, and that copies of the filed notices had been mailed to the owners approximately four and one-half weeks after recordation. As to those, the court denied foreclosure on the ground that the notices had not been mailed to the owners simultaneously with the recordation, stating: “The court concludes as a matter of law that the recorded liens cannot be enforced because the copies of the notices of liens were not mailed simultaneously *789 with the filing of the notices, and therefore the liens do not comply with the requirements of § 15-28(b) of the Code of Metropolitan Dade County, Florida.” As to the other class of liens, which were not required to be recorded, the trial court denied foreclosure upon the ground stated in the judgment that “The court concludes as a matter of law that an unrecorded lien may not be foreclosed in an action in rem.” Appeal No. 70-677 is from the former of those judgments, and appeal No. 70-678 is from the latter.
We are unable to agree with the conclusion reached by the trial court that failure of the county to mail copies of the lien notices to the owners simultaneously with the recording thereof, vitiated the liens and barred foreclosure thereon. There was no requirement in the ordinance that such notices to owners should be mailed simultaneously with recordation, and we agree with the position taken by the appellant that it would not be practicable to perform those separate acts simultaneously, and that the ordinance was not susceptible to a construction that it so intended or required.
Here it is shown that the county recorded the liens shortly prior to the deadline for their recordation, which was December 1, 1962, and sent copies of the notices to owners approximately four and one-half weeks thereafter. As observed previously, the ordinance did not specify the time, or fix a limit of time for mailing notice of the recorded liens to the owners.
We construe the ordinance to provide for and require that a copy of such a recorded notice of lien should be mailed to the owner (as known on the records of the Waste Division) within a reasonable time following the recordation thereof. It could be argued with reason that a lapse of four or five weeks after recordation before mailing notice thereof would be more than a reasonable time for performance of that act. But in absence of a showing that an owner was prejudiced thereby, such delay in mailing should not be held to vitiate the recorded lien. As pointed out by the appellant, irregularities in procedure may not vitiate such a lien when the procedure employed constitutes substantial compliance with the enabling law with reference thereto. See Gulf View Apartments, Inc. v. City of Venice, 108 Fla. 41, 145 So. 842; City of Hollywood v. Davis, 154 Fla. 785, 19 So.2d 111, Moreover, the trial court’s judgment was not bottomed on the ground that the required notices to the owners were not mailed within a reasonable time after recordation, but on the ground that the notices had not been mailed simultaneously with recordation. On the ground upon which the trial court proceeded, such a (recorded) lien would be unenforceable if notice thereof was mailed to the owner within a reasonable time, or even on the day following recordation. Accordingly, we reverse the judgment which held the recorded liens were not enforceable.
Regarding the unrecorded liens, based on charges for fees which became due after July 1, 1962, we hold the trial court erred in ruling that because the liens were not recorded they were unenforceable by foreclosure in rem. We are at a loss to see how the failure to separately record such special assessment waste liens on the individual parcels so affected should render the liens unenforceable. The trial court, in so holding, did not supply a reason or specify legal grounds for that ruling.
The appellees argue that an owner who acquires a parcel after the period of accrual of the waste charges for which a lien was imposed should not be personally liable thereon, and on that premise appel-lees contend that an unrecorded lien for such prior charges would not be enforceable against the property under such new ownership. We must reject that argument. While the ordinance made waste collection charges payable by the owner of improved property to which the service was being rendered, it also expressly made the charge for the fees a lien against the property *790 served, similar to an ad valorem tax lien thereon. In a measure evidently made to assure enforcement and collection of such unpaid fees notwithstanding ownership of the property affected might change after the period for which the fees were incurred and payable, the ordinance made the land responsible therefor, and provided that such special assessment liens should prevail over other liens, encumbrances and titles. With reference thereto the ordinance provided as follows:
“ * * * All waste fees becoming due and payable on and after July 1, 1962, shall constitute, and are hereby imposed as, special assessment liens against the real property aforesaid, and until fully paid and discharged, or barred by law, shall remain liens equal in rank and dignity with the lien of County ad valo-rem taxes and superior in rank and dignity to all other liens, encumbrances, titles and claims in, to or against the real property involved.”
In Gleason v. Dade County, Fla.App.1965, 174 So.2d 466, this court recognized the validity and priority of such unrecorded assessment liens for delinquent waste fees as imposed by this ordinance, thereby indicating their enforceability, which logically follows because the existence of a right implies there is a remedy. It has been said “a right without a remedy is a ghost in the law and difficult to grasp.”
Section 173.02 Fla.Stat, F.S.A., invoked here as authorized in the ordinance, provides for foreclosure of tax liens and special assessment liens by a suit in rem against the lands upon which the liens are imposed. The procedure has received court approval. See City of Coral Gables v. Certain Lands, etc., 110 Fla. 189, 149 So. 36. We have been shown no provision of law which requires, as a condition of validity and enforceability of an ad valorem tax lien or special assessment lien that there be recorded in the office of the clerk of the circuit court a separate notice of lien as to each individual parcel of land upon which such a lien has been imposed by law for an ad valorem 'tax or special assessment. As pointed out by the appellant, the cost to the county for recordation of liens on all parcels served by the Waste Division would be great, and would represent an expense that was unjustified in the absence of a legal requirement therefor. In view of the circumstances it was not unreasonable for the county by ordinance to dispense with recordation of such liens, where recordation thereof was not otherwise required by law as a condition of validity. It was not shown that the enforcement of such liens by the county by foreclosure failed to square with due process of law. Accordingly, the judgment of the trial court denying foreclosure of such unrecorded liens is reversed.
Judgments reversed, and causes remanded for further proceedings.