429 So.2d 1241 (1983)
CITY OF VENICE, a Municipal Corporation, Appellant,
v.
Matilde VALENTE, Appellee.
No. 81-2432.
District Court of Appeal of Florida, Second District.
March 25, 1983.
Rehearing Denied April 27, 1983.
*1242 Wayne C. Hall of Dickinson, O'Riorden, Gibbons, Quale, Shields & Carlton, P.A., Venice, for appellant.
Charles J. Cheves of Cheves & Rapkin, Venice, for appellee.
OTT, Chief Judge.
Ordinance 789-79[1] of the appellant/City of Venice provides for the abatement of any building found to be a public nuisance. The subject of dispute here is that provision of the ordinance allowing the city to recover attorney's fees and court costs upon resorting to court proceedings to secure compliance or when opposing a property owner's appeal of the city's notice of abatement. The trial court held this provision unconstitutional. We reverse.
Appellant notified the appellee/property owner that a certain building located on her property had been declared a public nuisance by a city building official. Appellee was given sixty days to repair or demolish the structure or appeal the building official's determination. Appellee did neither. Appellant thereupon advised appellee that it would seek judicial enforcement. Subsequent negotiations failed to resolve the matter, and this action was instituted.
Appellant's complaint sought equitable and injunctive relief against the appellee in circuit court. The complaint requested that the circuit court declare the building in question a public nuisance, authorize the city to remove or demolish the structure, and impose a lien upon the property for the cost of demolition together with any costs incurred in the proceeding including reasonable attorney's fees. In her answer, appellee, inter alia, alleged that the city's ordinance *1243 was arbitrary, unreasonable, retrospective, and, therefore, invalid.
Shortly before commencement of the scheduled nonjury trial, the parties stipulated to the entry of a final judgment wherein appellee was required to make certain repairs in order to abate the nuisance. A final judgment was entered to reflect the parties' stipulation and reserving jurisdiction to consider the city's request for assessment of attorney's fees and costs.
After a hearing, the trial judge ruled the ordinance unconstitutional and denied the city's request without stating any particular reason. This appeal followed.
After receiving the parties' briefs and examining their respective arguments, we directed the parties to file supplemental briefs on other possible constitutional considerations.
We first note that the appellant and appellee agree that the ordinance only contemplates a judicial award of attorney's fees and court costs in legal proceedings to enforce the ordinance; also, that the ordinance either directly or implicitly requires the city to prevail in such proceedings in order to recover its costs and attorney's fees. We therefore find it unnecessary to address these points.
A threshold determination in our examination of the ordinance is whether the ordinance is for a valid "municipal purpose." State v. City of Sunrise, 354 So.2d 1206 (Fla. 1978). Section 166.021(2), Florida Statutes (1981), defines "municipal purpose" as "any activity or power which may be exercised by the state or its political subdivisions." Clearly, the state has the power by statute to authorize an award of attorney's fees and costs in legal proceedings. See, e.g., § 60.05(5) (actions to abate nuisances); § 61.16 (divorce proceedings); § 440.34 (workers' compensation proceedings); § 627.428 (action on insurance contract); Fla. Stat. (1981). It therefore appears that the subject matter of the ordinance comes within the statutory definition of "municipal purpose."
Although this ordinance comes within the definition of "municipal purpose," three further limitations upon the constitutional home rule powers of a municipality must be examined. First, a municipality may not enact legislation concerning any subject expressly prohibited by the constitution. § 166.021(3)(b), Fla. Stat. (1981). Second, a municipality may not enact legislation concerning any subject expressly preempted to state or county government by the constitution or by general law. § 166.021(3)(c), Fla. Stat. (1981). Third, a municipality may not exercise any power for municipal purposes which is expressly prohibited by law. § 166.021(1), Fla. Stat. (1981).
Article VIII, section 2(b), of the Florida Constitution (1968)[2] not only does not contain any specific prohibition but expressly authorizes municipalities to exercise their legislative or ordinance making power for any "municipal purposes" except as otherwise provided by law. Nothing in the constitution expressly preempts the subject of public nuisance and its abatement exclusively to state or county government. The only remaining question would be whether the legislature has preempted the area or conferred it exclusively to state or county government by general law. § 166.021(3)(b), Fla. Stat. (1981). Our research does not reveal express preemption by the Florida legislature in this area.
Appellee, in making an argument that the state legislature has preempted this area, points to the fact that the state legislature has provided for attorney's fees in special assessment suits. § 170.10, Fla. Stat. (1981). Appellee suggests this indicates legislative intent to reserve to itself the sole power to provide all other instances where municipalities may claim attorney's *1244 fees. However, in our opinion section 170.10 does not "expressly preempt" or impliedly preclude municipalities from providing for costs and attorney's fees in other appropriate instances of litigation.
On a subject other than attorney's fees, our sister court has concluded, and we agree, that there must be "express preemption" by the legislature before a municipality may be prohibited from acting in a given area. See City of Miami Beach v. Ricio Corp., 404 So.2d 1066 (Fla. 3d DCA 1981).
In Gulfview Apartments v. City of Venice, 108 Fla. 41, 145 So. 842 (Fla. 1933), the supreme court upheld the right of the city to collect attorney's fees in suits in equity to collect special assessment liens for improvements where specifically authorized by the city's charter. What the legislature then did by special act (grant of municipal charter) the constitution and general law now vests in all municipalities unless specifically prohibited or preempted by the legislature.
Finding no constitutional or legislative impediment to the ordinance, the order of the lower court is reversed and the case remanded for further proceedings consistent herewith.
BOARDMAN and DANAHY, JJ., concur.
NOTES
[1] Ordinance No. 789-79 provides in pertinent part:

Section 103.4  UNSAFE BUILDINGS
(a) All buildings or structures which are unsafe, unsanitary, or not provided with adequate egress, or which constitute a fire hazard, or are otherwise dangerous to human life, or which in relation to existing use constitute a hazard to safety or health by reason of inadequate maintenance, dilapidation, obsolesence, or abandonment, are declared to be unsafe buildings. All such unsafe buildings are hereby declared to be public nuisances and illegal and shall be abated by repair and rehabilitation or by demolition in accordance with the following procedure:
1. Whenever the Building Official shall find any building or structure or portion thereof to be unsafe, as defined in this section, he shall give the owner, agent, or person in control of such buildings or structure written notice stating the defects thereof. This notice shall require the owner within a stated time either to complete specified repairs or improvements, or to demolish and remove the building or structure or portion thereof.
* * * * * *
4. The owner, agent, or person in control shall have the right to appeal from the decision of the Building Official, as provided hereinafter, and to appear before the Board of Adjustments and Appeals at a specified time and place to show cause why he should not comply with said notice.
5. If the owner, agent, or person in control of any unsafe building or structure shall fail, neglect, or refuse to comply with notice to repair, rehabilitate, or to demolish and remove said building or structure or portion thereof within the stated time limit, the City shall be authorized to obtain equitable or legal relief from any court of competent jurisdiction to abate the public nuisance through demolition or other appropriate means.
6. Cost incurred under Paragraphs 103.4(a) 4 and 103.4(a) 5, including reasonable attorney fees, court costs and the cost of demolition shall be charged to the owner of the premises involved and if not paid within 30 days from date of invoice, shall become a lien upon the property from which unsafe building was removed and shall bear interest at the rate of eight (8%) per cent per annum from the date when the same became due and payable.
[2] Section 2(b), Article VIII, Florida Constitution (1968):

(b) POWERS Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective.