Mr. Michael E. Watkins City Attorney City of Homestead 790 Homestead Boulevard Homestead, Florida 33030-6299
Dear Mr. Watkins:
This is in response to your request for an opinion on substantially the following questions:
 1. DOES SECTION 361.15, F.S., GRANT TO THE CITY OF HOMESTEAD ELECTRIC UTILITY SYSTEM THE SAME LIEN RIGHTS AS ARE SET FORTH IN SECTION 159.17, F.S., RELATIVE TO WATER SYSTEMS, SEWER SYSTEMS, OR GAS SYSTEMS; IF A LIEN RIGHT IS IMPOSED, IS THE PHRASE "UNPAID UTILITY BILLS" TO BE CONSIDERED AS "SERVICE CHARGES" UNDER THE STATUTE?
 2. IF THE ANSWER TO QUESTION NO. 1, IS IN THE AFFIRMATIVE, DOES FLORIDA STATUTE 159.17, GRANT AUTOMATICALLY PERFECTED LIENS FOR UNPAID ELECTRIC UTILITY SERVICES AGAINST THE PROPERTY SERVICED WITHOUT THE CITY OF HOMESTEAD HAVING TO ACT FURTHER IN PERFECTING ITS LIEN; OR, IF THE CITY OF HOMESTEAD HAS SUCH LIEN RIGHTS FOR ITS ELECTRIC UTILITY SERVICES, DOES SUCH A LIEN NOT ATTACH TO THE PROPERTY SERVED UNTIL SUCH TIME AS THE CITY OF HOMESTEAD SPREADS A NOTICE OF LIEN OR CLAIM OF LIEN UPON THE PUBLIC RECORDS OF THE COUNTY IN WHICH HOMESTEAD IS LOCATED, I.E., DADE COUNTY.
 3. IF THE ANSWER TO QUESTION NO. 1, IS IN THE AFFIRMATIVE, IS THE CITY OF HOMESTEAD, UNDER FLORIDA STATUTE 361.15, AND FLORIDA STATUTE 159.17, REQUIRED TO GIVE INFORMATION TO THIRD PARTIES AS TO WHETHER OR NOT THERE EXIST UNPAID UTILITY BILLS FOR A CERTAIN PREMISES UNLESS AND UNTIL SUCH TIME AS SUCH UNPAID UTILITY BILL HAS BEEN ESTABLISHED AS A LIEN ON THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA.
Your inquiry states that the "City of Homestead owns and operates its own municipal utility system serving customers within and without the city limits of the City of Homestead. This municipal utility service is financed in part through capital improvements provided through the sale of bond issues both by the City of Homestead individually and under the Joint Electric Power Supply Project," authorized by Part II, Chapter 361, F.S. "The repayment of the principal and interest due on this bonded indebtedness is through the revenues of the electric and water systems of the City of Homestead."
You further state that the basis for your opinion request is the concern of the City Council of the City of Homestead that the statute, as interpreted by the City Attorney, places liens upon real property served by the electric utility system and in many instances, these liens would be created by the tenants of the real property rather than the owners thereof and the owners would be without knowledge of the lien until a subsequent transfer of title arises.
For the following reasons, the first part of your first question is answered in the negative. For that reason, it is unnecessary to respond to the remaining questions.
Section 361.15, F.S., contained in Part II, Ch. 361, the "Joint Power Act," provides:
 361.15 Issuance of bonds. — For the purpose of financing or refinancing the cost of a project or projects, any municipality, authority, board, commission, or other public body which is an electric utility as defined in this act and is a participant in a project under this act may exercise all the powers in connection with the authorization, issuance, and sale of bonds as the same are conferred upon municipalities by part I of chapter 159. All of the privileges, benefits, powers, and terms of part I of chapter 159 shall be fully applicable to such body. For the purpose of this section, a project as defined in this part shall be a project within the definition of the term "project" in s. 159.02(4). (e.s.)
Thus, s 361.15, for the purpose of financing a joint electric power supply project, as defined by s 361.11(1), incorporates by reference into the provisions of that section, which is entitled and deals with the "issuance of bonds," and vests in municipalities and the other enumerated entities participating in any such project "all the powers in connection with the authorization, issuance, and sale of bonds as the same are conferred upon municipalities by part I of chapter 159." (e.s.)
Part I of Chapter 159, F.S., the "Revenue Bond Act of 1953" authorizes the issuance of revenue bonds for the acquisition or construction and payment of the cost of certain projects and improvements as defined therein. Section 159.17, F.S. provides:
 159.17 Lien of service charges. — Any municipality issuing revenue bonds hereunder shall have a lien on all lands or premises served by any water system, sewer system or gas system for all service charges for such facilities until paid, which liens shall be prior to all other liens on such lands or premises except the lien of state, county and municipal taxes and shall be on a parity with the lien of such state, county and municipal taxes. Such liens, when delinquent for more than 30 days, may be foreclosed by such municipality in the manner provided by the laws of Florida for the foreclosure of mortgages on real property.
Section 159.17, F.S., in effect creates a lien on all properties served by the designated utility systems for all service charges for such facilities until paid and provides for the foreclosure of any delinquent liens but that statute is not concerned with the issuance of bonds or the exercise of powers in connection with the "authorization, issuance, and sale of bonds." For that reason, it does not appear that the liens provided for in s 159.17 or the provisions thereof for the enforcement of such liens are incorporated by reference into s 361.15. Although the second sentence of s 361.15 does state that "[a]ll of the privileges, benefits, powers, and terms of part I of chapter 159 shall be fully applicable to such body," I am of the view that this language does not purport or attempt to expand the limited incorporation by reference of powers contained in Part I of Ch. 159, that relate to "authorization, issuance, and sale of bonds," but, rather, is merely an attempt to reiterate or restate in more general form the intent expressed in the first sentence of s361.15. Cf., Jones v. Dexter, 8 Fla. Reports 276 at 288-289 (adhering to the rule that "where a statute has been enacted with special reference to a particular subject, and by another statute its provisions are directed in general terms to be applied to another subject of an essentially different nature, the adopting statute must be taken to mean that the provisions of the original statute shall be restrained and limited to such only as are applicable and appropriate to the new subject"). Moreover, an expansive or pervasive construction and application of the second sentence of s 361.15 would render the first sentence, which explicates the legislative intent and purpose, mere surplusage. Words in a statute should not be construed as surplusage if a reasonable construction which will give them force and meaning is possible. Pinellas County v. Woolley, 189 So.2d 217 (2 D.C.A.Fla., 1966), citing 82 C.J.S. Statutes s 343, and Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A.Fla., 1982) (noting that "[s]tatutory language is not to be assumed to be superfluous; statute must be construed so as to give meaning to all words and phrases contained within that statute"). It is a general rule of statutory construction that a statute is to be construed so that it is meaningful in all of its parts, Wilensky v. Fields, 267 So.2d 1 at 5 (Fla. 1972); and that all parts of an act should be read together in an effort to achieve a consistent whole. Marshall v. Hollywood, Inc., 224 So.2d 743 at 749 (4 D.C.A.Fla., 1969), citing Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). The language used in a statute should be construed as an entirety, and with reference to the purpose of the law. Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 at 698 (Fla. 1969); the legislative intent as gleaned from a consideration of the entire enactment is to be considered, Forehand v. Manly,2 So.2d 864 (Fla. 1941); and the intent so gleaned is the law. Small v. Sun Oil Company, 222 So.2d 196 (Fla. 1969); State v. Williams,343 So.2d 35 (Fla. 1977). The fundamental rule, to which all other rules are subordinate, in the construction of statutes is that the intent thereof is the law, and should be duly ascertained and effectuated. American Bakeries Co. v. Haines City, 180 So. 525
(Fla. 1938). Moreover, in construing a statute, effect must be given to every part, if it is reasonably possible to do so, and each part or section should be construed in connection with every other so as to produce a harmonious whole. Ozark Corporation v. Pattishall, 185 So. 333 (Fla. 1938). See also, Weitzel v. State,306 So.2d 188 (1 D.C.A.Fla., 1974); Caloosa Property Owners Association, Inc. v. Palm Beach County Board of County Commissioners, 429 So.2d 1260 (1 D.C.A.Fla., 1983) (holding that second sentence of statute had to be read in pari materia with first sentence in an effort to give the statute meaning). Note also the third sentence of s 361.15, which provides that, for the purpose of that section, a project as defined in Part II of Ch. 361 shall be a project within the definition of the term "project" in s 159.02(4). The purpose of s 361.15 entitled "issuance of bonds," is bond financing, not subsidiary lien rights which are not necessarily or directly related to or an inherent or integral part of the power of to issue revenue bonds. See, Doran, supra, at 698; see generally, Sutherland, Statutory Construction s 46.05 discussing the general rule that the cardinal purpose, intent or purport of the whole act shall control, and that all the parts should be interpreted as subsidiary and harmonious.
However, it appears that the City of Homestead has home rule power to impose liens on all properties served by the utility system for unpaid utility service fees or user charges, and to provide for enforcement of such liens, in view of s 2(b), Art. VIII, State Const., and ss 166.021 and 166.201, F.S. An ordinance on this subject may provide for the method of assessment, collection, and enforcement of such service charges, or liens therefor (including the assessment of the city's legal costs in enforcing any such liens). See, City of Venice v. Valente, 429 So.2d 1241 (2 D.C.A.Fla., 1983); Stone v. Town of Mexico Beach, 348 So.2d 40 (1 D.C.A.Fla., 1977), cert. den. 355 So.2d 517 (Fla. 1978); Stein v. City of Miami Beach, 250 So.2d 289 (3 D.C.A.Fla., 1971); Dade County v. Certain Lands, 247 So.2d 787 (3 D.C.A.Fla., 1971); see also, AGO 73-448.
In summary, it is my opinion that s 361.15, F.S., does not operate to grant to the City of Homestead electric utility system the same lien rights as are set forth in s 159.17, F.S., since s 361.15
incorporates by reference only those powers in Part I of Ch. 159, that are connected with the "authorization, issuance, and sale of bonds." However, the city appears to possess the home rule powers by ordinance to impose liens on all properties served by the utility system for unpaid utility service fees, and to provide for enforcement of such liens.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General