Mr. Donald R. Hall City Attorney City of Fort Lauderdale Post Office Drawer 14250 Fort Lauderdale, Florida 33302
Dear Mr. Hall:
This is in response to your request for an Attorney General Opinion on substantially the following question:
 DOES s. 180.135, F.S. (1984 SUPP.), PROHIBIT A MUNICIPALITY FROM PLACING A LIEN ON REAL PROPERTY FOR DELINQUENT TENANT WATER ACCOUNTS NOTWITHSTANDING s. 159.17, F.S., WHICH PROVIDES THAT A MUNICIPALITY ISSUING REVENUE BONDS SHALL HAVE A LIEN ON ALL LANDS OR PREMISES SERVED BY ANY MUNICIPAL WATER AND SEWER SYSTEM?
Part I of Ch. 159, F.S., the "Revenue Bond Act of 1953" authorizes the issuance of revenue bonds by counties and municipalities for the acquisition or construction and payment of the cost of certain projects and improvements as defined therein. Section 159.17, F.S., of the act provides:
 Any municipality issuing revenue bonds hereunder shall have a lien on all lands or premises served by any water system, sewer system or gas system for all service charges for such facilities until paid, which liens shall be prior to all other liens on such lands or premises except the lien of state, county and municipal taxes and shall be on a parity with the lien of such state, county and municipal taxes. Such liens, when delinquent for more than 30 days, may be foreclosed by such municipality in the manner provided by the laws of Florida for the foreclosure of mortgages on real property.
Thus the statute in effect creates a lien on all properties served by the designated utilities systems for all service charges for such facilities until paid and provides for the foreclosure of any delinquent liens. As this office stated in AGO 70-49, s. 159.17
adds an additional remedy for collecting the service charges in furtherance of the remedy or confirmation of rights already existing. See, s. 159.18(1), F.S., which states that municipalities shall have the power to discontinue and shut off the supplying of any or all water, gas and sewer services to any users of these systems for nonpayment of service charges for any such water, gas or sewer systems and may covenant with the holders of revenue bonds issued under Ch. 159, F.S., that it will not restore the supplying of utility services to such delinquent users until all charges, with reasonable interest and penalties for all water, gas and sewer services, have been paid in full.
In addition, it appears that a municipality has the home rule power to impose liens on properties served by a municipal utility system for unpaid utility service fees or user charges and to provide for enforcement of such liens. See, s. 2(b), Art. VIII, State Const. (municipalities may exercise any power for municipal purposes except as otherwise provided by law); ss. 166.021 and166.201 (municipality may raise by user charges or fees authorized by ordinance amounts of money which are necessary for the conduct of municipal government and may enforce their receipt and collection in the manner prescribed by ordinance not inconsistent with law). And see, City of Venice v. Valente, 429 So.2d 1241 (2 D.C.A.Fla., 1983); Stone v. Town of Mexico Beach, 348 So.2d 40 (1 D.C.A.Fla., 1977), cert. den., 355 So.2d 517 (Fla. 1978); Stein v. City of Miami Beach, 250 So.2d 289 (3 D.C.A.Fla., 1971); Dade County v. Certain Lands, 247 So.2d 787 (3 D.C.A.Fla., 1971). See also, AGO's 84-84 and 73-448.
However, in 1984 the Legislature adopted a provision limiting a municipality's authority to refuse to provide or to discontinue utility services or to impose liens on property for nonpayment of service charges. Section 1, Ch. 84-292, Laws of Florida, provides:
 Any other provision of law to the contrary notwithstanding, no municipality may refuse services or discontinue utility, water, or sewer services to the owner of any rental unit or to a tenant or prospective tenant of such rental unit for nonpayment of service charges incurred by a former occupant of the rental unit, nor shall any such unpaid service charges incurred by a former occupant be the basis for any lien against the rental property except to the extent that the present tenant or owner benefited directly from the service provided to the former occupant. This section shall apply only when the former occupant of the rental unit contracted for such services with the municipality.
In light of the above provision, you inquire whether the City of Fort Lauderdale may continue to place liens upon real property for delinquent water and sewer accounts.
Section 1, Ch. 84-292, Laws of Florida, was originally designated by the Legislature to be codified as s. 166.045, as part of Ch.166, F.S., the Municipal Home Rule Powers Act. It has been renumbered as s. 180.135, F.S. (1984 Supp.), by the Division of Statutory Revision and Indexing. The placement of the statute in Ch. 180 (municipal public works) by the statutory revisers, however, does not affect the intent of the Legislature expressed in the session law. See, Williams v. Jones, 326 So.2d 425
(Fla. 1976). And see, AGO 75-148 wherein this office stated: "Although Statutory Revision in compiling the general laws may transfer a chapter or law, or part thereof, from one location in the statute books to another or change the form or arrangement thereof by transferring the same . . . the reviser is without authority to make law or to effect any change in the substantive law. The fact that an existing statute, or part thereof, is placed by the reviser in, or is transferred to, another chapter of the statutes is of no controlling effect. The Legislature, and it alone, is clothed with the lawmaking power. . . ." See also, AGO's 80-88 and 80-101. Thus the transfer of Ch. 84-292, supra (originally directed to be codified as s. 166.045, as a part of and apparently as a limitation on municipal home rule powers) to Ch. 180 could not have and has not wrought any substantive change in the law. Accordingly, I am of the opinion that the applicability of the provisions of s. 180.135 is not limited to Ch. 180.
Section 180.135, F.S. (1984 Supp.), clearly prohibits a municipality from, inter alia, imposing a lien on rental property for nonpayment of service charges incurred by a former occupant of the rental property who had contracted for such services (except to the extent the owner or present or prospective tenant directly benefited), any other provision of law to the contrary notwithstanding. Where the language of a statute is clear and unequivocal, the legislative intent may be gleaned from the words used without applying incidental rules of construction. See, Holly v. Auld, 450 So.2d 217 (Fla. 1984); Reino v. State, 352 So.2d 853
(Fla. 1977); State v. Egan, 287 So.2d 1 (Fla. 1973); Goddard v. State, 438 So.2d 110 (1 D.C.A.Fla., 1983) (where language of statute is plain, resort to rules of statutory interpretation is unnecessary to ascertain intent as Legislature held to have intended that which is plainly expressed). And see, Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962) (last expression of Legislature is the law); In re Sepe, 421 So.2d 27 (3 D.C.A.Fla., 1982). The prohibition contained in s. 180.135 is applicable by its own terms notwithstanding any other provision of law.
Accordingly, based on the plain language of s. 180.135, F.S., I am of the opinion that a municipality may no longer place a lien upon rental property for delinquent water and sewer accounts where such charges were contracted for and incurred by a former occupant except to the extent that the present tenant or owner has benefited directly from the service provided to the former occupant. However, as this office concluded in AGO 85-34, the provisions of s. 180.135 are to act prospectively, therefore a municipality would not be prohibited from proceeding to foreclose against a lien lawfully imposed prior to the effective date of the act. Moreover, with regard to those municipalities which have issued revenue bonds pursuant to s. 159.17 prior to the effective date of s. 180.135, it appears that a lien has been created on all properties served by the designated utility services for all service charges for such facilities until paid. Therefore, while s. 180.135 operates as a limitation on a municipality refusing or discontinuing utility, water or sewer services to the owner, tenant or prospective tenant of a rental unit for nonpayment of service charges incurred by a former occupant of the rental unit or imposing a lien on such property, to the extent that a municipality has issued revenue bonds prior to the effective date of s. 180.135, pursuant to s. 159.17, a lien on all properties served by such designated services for service charges exists until such bonds have been retired. To conclude otherwise and apply these new qualifications and limitations to municipalities which have previously entered into contracts with the holders of any revenue bonds issued pursuant to Ch. 159, F.S., may subject the statute to attack as impairing the constitutionally protected right to contract which is guaranteed by s. 10, Art. I, State Const., and s. 10, Art. I, Cl. 1, U.S. Const. See, Hardware Mut. Casualty Co. v. Carlton, 9 So.2d 359 (Fla. 1942) (the obligation of a contract is impaired in the constitutional sense when the substantive rights of the parties to the contract are changed); Manning v. Travelers Insurance Company, 250 So.2d 872 (Fla. 1971) (obligation of contract is impaired where new and different liabilities are imposed thereunder). See also, State ex rel. Melton v. Board of Public Instruction for Dade County, 191 So. 27,28 (Fla. 1939), in which a statute requiring a county board of public instruction to file a proposed budget of expenses with a budget commission for approval as a condition precedent to payment of bonds was determined to be unconstitutional as impairing vested rights under the contract; and, State ex rel. Payson, v. Chillingworth, 165 So. 264, 266 (Fla. 1936), determining that a statute which imposed upon the holder of municipal bonds the burden of informing the municipal authorities of the names and addresses of all persons who, in addition to the holder of the bond, had a beneficial interest in that bond or other bonds of the same issue, imposed a condition not contemplated at the time of the issuance of the bonds and impaired the obligation of the contract. Thus, the imposition of conditions subsequent to the issuance of bonds and not contemplated at the time of the issuance of such bonds would appear to constitute an unconstitutional impairment of the obligation of *2532 contract.
Therefore, s. 180.135, F.S. (1984 Supp.), may be applied prospectively to municipalities issuing revenue bonds pursuant to the provisions of Ch. 159, F.S., on or after the effective date of s. 180.135.
In sum, it is my opinion that s. 180.135, F.S. (1984 Supp.), applies prospectively to prohibit a municipality from imposing a lien on real property for any unpaid utility, water or sewer services where such charges were contracted for and incurred by a former occupant of a rental unit except to the extent that the present tenant or owner has benefited directly from the service provided. The provisions of s. 180.135, F.S. (1984 Supp.), may not be applied to affect situations in which a municipality has, prior to the effective date of this section, issued revenue bonds pursuant to Ch. 159, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General